. (February 1, 1907.)

## JOHN MORRIS, Respondent, v. JOHN LEMP, Appellant.

[88 Pac. 761.]

EXTENSIONS OF TIME FOR PREPARING STATEMENTS AND AFFIDAVITS ON MOTION FOR NEW TRIAL—ORDER OF REFERENCE—ISSUES COVERED BY REPORT OF REFEREE—ERROR IN EXCLUSION OF EVIDENCE.

1. Where a judge of one judicial district is called into another district for the purpose of trying some particular or specific case, such judge, for the purposes of that case, has all the power and authority of the "court" within and for such judicial district or the "judge" thereof, and may make any and all orders proper or necessary in granting extensions of time for preparing and presenting statements and bills of exceptions or filing affidavits on motion for a new trial.

2. Where the court has appointed a referee for the purpose of taking testimony and "making findings of fact as to the book account of defendant, and reporting the same to the court," and after

the referee's report and upon the trial of the case defendant offers to prove credits to which he is entitled that were not contained in the books submitted to the referee and not reported upon, it is error, for the court to reject such evidence.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Frank J. Smith, Judge of the Seventh Judicial District, presiding.

Action by plaintiff to collect balance on account. Judgment in favor of the plaintiff and defendant moved for a new trial. Motion denied and defendant appealed from the judgment and order denying his motion. *Judgment modified.*

Morrison & Pence, for Appellant.

Whatever defects may be in the notice of intention to move for a new trial, they are cured by the recognition of the statement by suggestions as to what it shall contain. or by an acquiescence in its contents. In Montana, the only western state requiring the notice of intention to accompany the record on appeal, it is held that this requirement is waived by the adverse party offering an amendment to the statement proposed without objecting to the want of such notice. (*Harrington v. Lynch,* 21 Mont. 36, 52 Pac. 642.)

It is a fundamental principle of law that what does not prejudice the adverse party shall be disregarded. Error must be harmful and prejudicial. Immaterial, harmless error is no ground for reversal of a cause. (*Winkley v. Foye,* 33 N. H. 171, 66 Am. Dec. 715.)

The court must disregard errors or defects which do not affect the substantial rights of the parties. (Rev. Stats., sec. 4231; *Normoyle v. Latah Co.,* 5 Idaho, 19, 46 Pac. 831; *White v. Johnson,* 10 Idaho, 438, 79 Pac. 455.)

"While the appellant may select any one ground given by the statute and rely upon it alone, he certainly is not precluded from relying upon two or more, or all of them if, in his judgment, the necessity of his case requires it. And

if he sees fit to rely upon one ground and abandon the others, when he comes to file his motion for a new trial, he can then elect to do so. To notify the respondent that he intends to rely upon all of them cannot prejudice his rights in any manner that we can see." (Spelling on New Trial and Appellate Practice, secs. 369, 461; *Hart v. Kimball,* 72 Cal. 283, 13 Pac. 852; *Duncan v. Times-Mirror,* 120 Cal. 402, 52 Pac. 652; *Hall v. Harris,* 1 S. Dak. 279, 36 Am. St. Rep. 730, 46 N. W. 931.)

The objection that the wrong judge signed the various papers is not tenable under our statutes. They direct that the statement shall be "presented to the judge who tried or heard the case," and declare that "the motion for a new trial may be brought to a hearing before the judge who tried or heard the case at chambers, or in open court in any county of the state." (Rev. Stats., 4441, 4445.)

The language of the statute is clearly to the effect that the judge who tried the cause may retain and exercise jurisdiction up to and through the hearing of the motion for a new trial. This is comprehensive of any order affecting the said motion. Jurisdiction once acquired continues, and jurisdiction attaching, the judge is clothed with power to make his orders effective. (Rev. Stats., sec. 3925; *In re Miller,* 4 Idaho, 711, 43 Pac. 870.) If the orders were improperly made by the judge, the correct procedure to cure the evil was by writ of prohibition, not by motion.

Even though the positive instruction of the order referring the case to the referee had been to determine all accounts, yet since the case was still open and on trial, the defendant had a right, on the showing made, to make the proof of this $95 payment. The defendant alleges certain payment in cash, and until he rested his case he had a right to make proof of that payment. No possible injury could follow to the other side.

Payment of the $95 was embraced in the oral testimony of the direct payment of the money by the man who actually paid it, and whose testimony to that fact was not dependent upon any book of account. Under any theory

of book accounts or any construction of the order of reference, rejection of this evidence was error. Such was the best possible evidence which, if available, defendant was obligated under the rules of evidence to produce. Counsel and witness expressly stated that the payment was independent of and extraneous to any payment which had been proven before the referee.

Davidson & Stoutemyer, for Respondent.

On account of the failure of the appellant to take the steps required by statute, in perfecting an appeal, within the time and in the manner prescribed by statute, there was no issue properly before the district court on motion for a new trial, and there is none properly before this court on appeal. The part of the notice of intention under consideration is as follows: "Said motion will be made upon affidavits hereinafter to be filed and served upon you; upon the records and files in the action; upon the minutes of the court; upon a bill of exceptions and upon a statement of the case hereinafter to be prepared; or said motion will be made upon any, either or all of said showings."

It is an alternative notice, a disjunctive notice, an uncertain notice and not a positive notice of anything. It does not inform respondent that it will be on affidavits, nor on the minutes of the court, nor that it will be on any other one of the statutory showings; neither does it inform him that it will be on all of said showings nor upon any two or more of them. The absence of such a specification from the notice of intention has been uniformly held to be fatal. (*Hughes v. Alsip*, 112 Cal. 587, 44 Pac. 1027; Spelling on New Trial and Appellate Practice, secs. 368, 369, 461; *Gamer v. Glenn*, 8 Mont. 371, 20 Pac. 654; *Hall v. Harris*, 1 S. Dak. 279, 36 Am. St. Rep. 730, 46 N. W. 931; *Hill v. Beatty*, 61 Cal. 292.)

Disregard of the statutory requirements is not aided by designating the grounds in the statement. (*Street v. Lemon M. & M. Co.*, 9 Nev. 251; *State v. Whaley*, 16 Mont. 574, 41 Pac. 852.)

The code provision of Montana is the same as that of California and Idaho. *Held,* that where the notice omitted to state on what the motion would be made, an appeal from the order overruling the motion would be dismissed unless the defect had been waived by the adverse party. (*Gregg v. Garrett,* 13 Mont. 10, 31 Pac. 721.)

The right to hear the motion for a new trial does not necessarily include the right to grant an extension of time, especially when there is an express provision of statute to the contrary. Neither does jurisdiction to try the case in the first instance necessarily include jurisdiction to grant an extension of time for serving a statement. (Rev. Stats., sec. 4441, subd. 3.)

The issue is: Was the item of $95 a part of appellant's book account? If it was, the appellant was obliged, under the order of reference (to which he consented in open court), to present whatever evidence he had of that account before the referee, to whom the whole account was referred.

AILSHIE, C. J.—The objections made by respondent to the form and contents of the notice of intention to move for a new trial and the motion for a new trial are highly technical, and not well taken.

It seems that the statement and affidavit presented by defendant on motion for a new trial were not filed and served within the ten day period prescribed by section 4441, Revised Statutes. On the other hand, the defendant procured orders from the judge who tried the case granting extensions of time as authorized and allowed under section 4441, *supra.* This case was pending in the district court of the third judicial district, but on the request of the judge of that district, the judge of the seventh district heard the case at Boise, and within the third district. Counsel for respondent contends that under the statute no court or judge has any jurisdiction to make an order extending the time for preparing statement and filing affidavits except "the court in which the action is pending or a judge thereof." He accordingly insists that the action was pending in the

district court of the third judicial district, and that although the judge of the seventh district had tried the case, that no extension of time could be granted by him, but must have been granted, if at all, by the judge of the third district. This contention is not tenable. For the purposes of the trial and determination of this case, and of all intermediate and ancillary orders necessary to the complete disposition thereof, the case was pending before the judge of the seventh judicial district, who had been called in to try and dispose of the same, and it was competent, and indeed his duty, to make all such orders as were requisite and necessary for that determination. (Rev. Stats., sec. 3925.)

This action was commenced by the plaintiff to recover a balance for wages claimed for services rendered defendant, running through a number of years. After the answer was filed, it appeared to the court and counsel that it would involve a long accounting between the parties, and the court accordingly appointed a referee, with directions that he "make findings of fact as to the book account of defendant and report the same to the court." The referee examined the defendant's books of account and heard the testimony, and reported his findings in accordance with the order. The court thereafter impaneled a jury and proceeded to the trial of the case. After the defendant had introduced and read in evidence the referee's findings and report, he offered to prove by H. F. Lemp, a son of the defendant, that he, as defendant's agent, had paid plaintiff the sum of $95 in cash, which was not on the books and was not taken into consideration by the referee or presented to him. On cross-examination, it appeared that this $95 payment had been entered by the witness in the cash-book at the defendant's store. After considerable questioning by respective counsel and the court as to the nature of this item, and as to whether or not it had been entered upon the books, the court declined to permit evidence of this payment to go to the jury, on the grounds that it was an item that should have been presented to the referee. Defendant excepted to the ruling of the court, and assigns the court's action as error. So far

as the record discloses, it is quite clear that this item was not taken into consideration by the referee nor reported by him in his findings. Indeed, it is shown by an affidavit made by the referee and presented to the defendant on motion for a new trial that this item was in fact offered in evidence by the defendant at the hearing before the referee and objected to by plaintiff's counsel on the ground that it was not a "book account" within the meaning of the order of reference, and was not contained in a book of original entry. We doubt, however, if this affidavit is properly before us, and its contents has, therefore, not been taken into consideration in the determining of this appeal. We are convinced that the court erred in not permitting the defendant to present his evidence as to this $95 payment. Since the evidence of this payment was excluded by the trial court, the plaintiff never had an opportunity to rebut the same, and of course we are not informed as to whether or not the defendant in fact should have such a credit. The plaintiff would have been entitled to rebut this evidence by showing either that he never received the payment, or, if he did, that it was in payment of some other account not covered by the action; or any other proper defense that he might have to such claim.

In view of the evidence as it appears before us in this case, we have concluded to remand the cause, with direction to the trial court to modify the judgment by reducing it in the sum of $95; provided, the plaintiff files a written consent thereto; otherwise to grant the defendant a new trial and allow the proofs to be introduced on both sides as to this credit claimed by defendant. Each party will pay his own costs incurred on this appeal.

Sullivan, J., concurs.