(September 7, 1912.)

MARY M. ANDREGG, Administratrix of the Estate of JOHN H. ANDREGG, Deceased, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, and CARL MULLENS and WILLIAM J. KRINGS, Appellants.

[126 Pac. 528.]

MOTION FOR A NEW TRIAL—SUFFICIENCY OF NOTICE.

(Syllabus by the court.)

1. A notice of intention to move for a new trial which states, "Said motion will be made upon affidavits hereafter to be filed and served upon you, the records and files in the action, and the minutes of the court, or said motion will be made upon affidavits hereafter to be filed and served upon you, or the records and files

in the action, or the minutes of the court, or either or all of them," is sufficient under the provisions of sec. 4441, Rev. Codes, and states the grounds upon which said motion will be made, and the statement in the notice of the grounds in the disjunctive does not render the notice insufficient, where the notice does state that such motion is to be heard upon "either or all of them."

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. John F. MacLane, Judge.

Action for damages.   Appeal from an order granting a new trial.   *Affirmed.*

P. L. Williams and D. Worth Clark, for Appellants.

Evidently it was the intention of the legislature to provide that counsel should select and designate in the notice whether he intended to make his motion upon the records and files in the action, or the minutes of the court, or upon all of them, or upon some designated portion of them.   In this case the notice specifies nothing at all.   (*Thompson v. Chicago M. & St. P. Ry. Co.*, 26 S. D. 296, 128 N. W. 809; 1 Spelling, New Trial and Appellate Practice, sec. 369; *Gamer v. Glenn*, 8 Mont. 371, 20 Pac. 654.)

Luther W. Tennyson, for Respondent.

The objections made by the respondent to the form and contents of the notice of intention to move for a new trial, on the motion for a new trial, are highly technical and not well taken.   (*Morris v. Lemp*, 13 Ida. 116, 88 Pac. 761.)

While the appellant may select any one ground given by the statute, and rely upon it alone, he certainly is not precluded from relying upon two or more, or all of them, if in his judgment the necessity of his case require it.   And if he sees fit to rely upon one ground and abandon the others, when he comes to file his motion for a new trial he can then elect to do so.   To notify the respondent that he intends to rely upon all of them cannot prejudice his rights in any manner that we can see.   (Spelling on New Trial and Appellate Prac-

tice, sec. 369; Hayne on New Trial and Appeal, rev. ed., sec. 23; *Hart v. Kimball,* 72 Cal. 283, 13 Pac. 852; *Gamer v. Glenn,* 8 Mont. 371, 20 Pac. 654; *Duncan v. Times-Mirror Co.,* 120 Cal. 402, 52 Pac. 652; *Hall v. Harris,* 1 S. D. 279, 36 Am. St. 730, 46 N. W. 931; *Cummings v. Reins Copper Co.,* 40 Mont. 599, 107 Pac. 904; 29 Cyc. 938.)

STEWART, C. J.—This action was brought by the respondent against the appellants in the district court of Ada county for the purpose of recovering damages on account of the death of one John H. Andregg, deceased.

It appears from the record that at the close of the plaintiff's testimony a motion was made by counsel for appellants for a nonsuit, and such motion was granted. Thereafter a motion for a new trial was made by the respondent, which was also granted, and this appeal is from the order of the court granting the motion for a new trial.

The notice of motion for a new trial states: "Said motion will be made upon affidavits hereafter to be filed and served upon you, the records and files in the action, and the minutes of the court, or said motion will be made upon affidavits hereafter to be filed and served upon you, or the records and files in the action, or the minutes of the court, or either or all of them."

The only question presented upon this appeal is, that the trial court erred in granting a new trial, for the reason that the notice of intention to move for a new trial is insufficient and of no force or effect, and in no way assigns the grounds for such motion. This objection has no merit, and is purely technical, and presents the identical question presented to this court and passed upon in the case of *Morris v. Lemp,* 13 Ida. 116, 88 Pac. 761. No reason was given, apparently, which the court, in considering that case, deemed worthy of consideration, and none has been urged upon this argument, and a reference to the notice itself clearly answers every objection that counsel for appellants make, and shows that it clearly states the grounds upon which the motion will be made, which

are clearly within the provisions of sec. 4441, Rev. Codes. The judgment of the trial court is *affirmed*. Costs awarded to the respondent.

Ailshie and Sullivan, JJ., concur.